IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Julena Snell, ) | |
| ) | C.A. No. 6:08-3555-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Golden Rule Insurance Company, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's motion to dismiss pursuant to South Carolina's door closing statute, S.C. Code Ann. § 15-5-150 (West 2005), or alternatively motion to transfer the case, pursuant to 28 U.S.C. § 1404(a). After review, the court grants Defendant's request for additional time to conduct discovery on the issue of Plaintiff's state of residency.

Julena Snell ("Snell") filed a complaint in the Greenville County Court of Common Pleas on September 12, 2008, asserting breach of contract and bad faith refusal to pay insurance benefits claims against Defendant Golden Rule Insurance Company ("Golden Rule"). Golden Rule is a corporation organized and existing under the laws of Indiana with its principal place of business located in Indianapolis, Indiana. According to Snell's original complaint, Snell is a resident and citizen of Virginia. (Compl. ¶ 1.) On October 21, 2008, Golden Rule removed the case to federal court on the basis of diversity citizenship.

Snell applied for private health insurance coverage with Golden Rule on or about November 23, 2006. (Def.'s Mem. Supp. Mot. Dismiss Ex. 1 (Margaret Gaskey Aff. ¶ 3).) At the time of her application for insurance, Snell identified her home address as 1021 Blandly Avenue, Richmond, Virginia. (Id.) On December 1, 2006, Snell began to receive health

1

insurance coverage from Golden Rule and the policy was subject to "certain riders and endorsements specific to Virginia law." (Id. at ¶ 4.) According to all of Golden Rule's business records, "all claim notices and correspondence concerning the Policy from Golden Rule to Snell, were sent to Snell's Richmond, Virginia address . . . . Snell has never notified Golden Rule of any change of residence." (Id. at ¶ 5.)

On October 27, 2008, Golden Rule filed a motion to dismiss the case or alternatively transfer the case to Virginia. Golden Rule sought to dismiss Snell's claims pursuant to South Carolina's door-closing statute, S.C. Code Ann. § 15-5-150 (West 2005).[1] At the time of Golden Rule's motion, it was undisputed that neither Snell nor Golden Rule were citizens of South Carolina. On November 12, 2008, however, Snell filed a motion to amend her complaint to allege that she is a citizen and resident of South Carolina. According to Snell, she is not and has never been a citizen and resident of Virginia. (Pl.'s Mem. Supp. Mot. Am. Compl. 2.) Snell further alleges, "I was living in Virginia at the time that I procured health insurance with the Defendant. However, I was only in Virginia for three months and Virginia is not nor has it ever been my permanent home." (Id.)

Golden Rule responded to Snell's new factual assertion asking the court to deny Snell's motion to amend because "it appears Snell's assertion that she is a resident of South Carolina is made in bad faith." (Def.'s Mem. Resp. Pl.'s Mot. Am. Compl. 1.) According to Golden Rule,

> Snell is the listed owner of her residence in Virginia; Snell reaffirms her Virginia residence in correspondence to Golden Rule; and Snell receives her mail concerning the Policy at her Virginia address. In fact, the first time Snell ever

---

[1] According to South Carolina's door-closing statute, an action against an out-of-state corporation may be brought in South Carolina either by a resident of South Carolina or by a non-resident plaintiff "when the cause of action shall have arisen or the subject of the action shall be situated within this State." S.C. Code Ann. § 15-5-150 (West 2005).

2

>advised Golden Rule that she considered herself a resident of South Carolina, was in her responsive affidavit in this lawsuit.

(Id. at 2.) Golden Rule seeks limited discovery on the issue of Snell's residency. The court grants Golden Rule's request and gives Golden Rule twenty (20) days to conduct discovery on the issue of Snell's residency.

It is therefore

**ORDERED** that Golden Rule is granted twenty (20) days from the date of this order to conduct discovery on the issue of Snell's residency. It is further

**ORDERED** that Golden Rule's motion to dismiss, docket number 4, is dismissed with leave to refile.

**IT IS SO ORDERED.**


                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
December 4, 2008