IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Julena Snell, | ) | |
| | ) | C.A. No. 6:08-3555-HMH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Golden Rule Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff, Julena Snell's ("Snell"), motion to amend her complaint or alternatively to transfer venue and Defendant's Motion to Dismiss or in the alternative to transfer venue. For the reasons stated below, the court grants Defendant's motion to dismiss and denies Snell's motions as moot.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Snell filed a complaint in the Greenville County Court of Common Pleas on September 12, 2008, asserting breach of contract and bad faith refusal to pay insurance benefits claims against Defendant Golden Rule Insurance Company ("Golden Rule"). Golden Rule is a corporation organized and existing under the laws of Indiana with its principal place of business in Indianapolis, Indiana. According to Snell's complaint, she is a resident and citizen of Virginia. (Compl. ¶ 1.) On October 21, 2008, Golden Rule removed the case to federal court on the basis of diversity.

Snell applied for private health insurance coverage with Golden Rule on or about November 23, 2006. (Def.'s Mem. Supp. Mot. Dismiss Ex. 1 (Margaret Gaskey Aff. ¶ 3).) At the time of her application for insurance, Snell identified her home address as 1021 Blandly

1

Avenue, Richmond, Virginia ("the Virginia address").  (Id.)  On December 1, 2006, Snell began to receive health insurance coverage from Golden Rule and the policy was subject to "certain riders and endorsements specific to Virginia law."  (Id. at ¶ 4.)  According to Golden Rule's business records, "all claim notices and correspondence concerning the Policy from Golden Rule to Snell, were sent to Snell's Richmond, Virginia address . . . .  Snell has never notified Golden Rule of any change of residence."  (Id. at ¶ 5.)

On October 27, 2008, Golden Rule filed a motion to dismiss the case or alternatively transfer the case to the United States District Court for the Eastern District of Virginia.  Golden Rule seeks to dismiss Snell's claims pursuant to South Carolina's door-closing statute ("Door Closing Statute"), S.C. Code Ann. § 15-5-150 (West 2005).  On November 12, 2008, Snell filed a motion to amend her complaint to allege that she is a citizen and resident of South Carolina.  According to Snell, she is not and has never been a citizen and resident of Virginia.  (Pl.'s Mem. Supp. Mot. Am. Compl. 2.)  Snell further alleges, "I was living in Virginia at the time that I procured health insurance with the Defendant.  However, I was only in Virginia for three months and Virginia is not nor has it ever been my permanent home."  (Id.)

Golden Rule responded to Snell's new factual assertion asking the court to deny Snell's motion to amend because "it appears Snell's assertion that she is a resident of South Carolina is made in bad faith."  (Def.'s Mem. Resp. Pl.'s Mot. Am. Compl. 1.)  According to Golden Rule,

> Snell is the listed owner of her residence in Virginia; Snell reaffirms her Virginia residence in correspondence to Golden Rule; and Snell receives her mail concerning the Policy at her Virginia address.  In fact, the first time Snell ever advised Golden Rule that she considered herself a resident of South Carolina, was in her responsive affidavit in this lawsuit.

(Id. at 2.)  On December 4, 2008, the court dismissed Golden Rule's motion to dismiss with leave to refile, granting Golden Rule twenty (20) days to conduct discovery on the issue of

2

Snell's residency. Golden Rule renewed its motion to dismiss or alternatively to transfer venue on January 12, 2009, supplementing its original pleadings with additional facts regarding Snell's residency.

## II. Discussion of the Law

Golden Rule alleges that the Door Closing Statute precludes Snell from maintaining this action in South Carolina. The Door Closing Statute states:

> An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
>
> (1) By any resident of this State for any cause of action; or
>
> (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

§ 15-5-150. Pursuant to the Door Closing Statute, a non-South Carolina resident cannot bring an action in South Carolina when the cause of action did not arise within South Carolina. "[F]ederal courts sitting in diversity must apply section 15-5-150 unless countervailing federal interests preclude its application." Tuttle Dozer Works, Inc. v. Gyro-Trac, Inc., 463 F. Supp. 2d 544, 549 (D.S.C. 2006). No countervailing federal interests preclude its application; therefore, the court must apply the Door Closing Statute.

It is undisputed that Golden Rule is a foreign corporation created by or under the laws of Indiana. Further, "[w]hen a contract is involved, the question for purposes of the door-closing statute is whether the contract was made or was to be performed in South Carolina." Id. at 551. The insurance contract at issue in this matter was entered into in the state of Virginia. However, the parties dispute whether Snell is a resident of South Carolina. To prove her South Carolina residency, Snell argues that she maintains a South Carolina driver's license, has registered her vehicle with the South Carolina Department of Motor Vehicles, and is registered to vote in

3

South Carolina.  (Pl.'s Mem. Supp. Mot. Am. Compl. Ex. 1 (Snell Aff. ¶ 3).)

In 2008, however, Snell filed her 2007 federal income tax return listing her home address as the Virginia address.  (Def.'s Mem. Supp. Renewed Mot. Dismiss 2.)  Additionally, Snell filed a South Carolina income tax return listing her home address as the Virginia address.  (Id. Ex. A (Federal & State Tax Return).)  Accordingly, although there is conflicting evidence regarding Snell's residency, the court finds that the most recent objective forms of evidence of Snell's residency are her 2007 tax returns in which Snell declares that she is a resident of Virginia.  When signing her federal tax return, Snell agreed that "[u]nder penalties of perjury, I declare that I have examined a copy of my electronic individual tax return and accompanying schedules and statements from the tax year ending in December 31, 2007, and to the best of my knowledge and belief, [the information provided] is true, correct, and complete."  (Id.)  Based on the foregoing, the court finds that Snell is a resident of Virginia.

Neither Snell nor Golden Rule are citizens of South Carolina.  Moreover, the instant litigation arises from a contract entered into in Virginia.  Consequently, the Door Closing Statute precludes Snell from bringing suit in this court.  Thus, the court grants Golden Rule's motion to dismiss pursuant to the Door Closing Statute.

It is therefore

**ORDERED** that Golden Rule's motion to dismiss, docket number 16, is granted. It is further

**ORDERED** that Snell's motion to amend her complaint and transfer venue, docket number 7, is denied as moot.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
January 23, 2009